```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JANE DOE,                          )
through her GAL,                   )
                                   )
               Plaintiff,           )
                                   )
     v.                            )          1:15CV940
                                   )
THE MONTGOMERY COUNTY BOARD        )
OF EDUCATION, JULIUS RYAN,         )
individually and as an             )
employee of Montgomery County      )
Board of Education, DALE ELLIS,    )
individually and as                )
Superintendent of the              )
Montgomery Board of Education,     )
KEVIN LANCASTER, Deputy            )
Superintendent of Operations,      )
DONNA KENNEDY, individually        )
and as Principal of East           )
Montgomery High School,            )
HEATHER SEAWELL, individually      )
and as Principal of East           )
Montgomery High School,            )
STEVEN W. DEBERRY,                 )
individually and as Chairman       )
of Board, TOMMY BLAKE,             )
individually and as Vice           )
Chairman of the Board,             )
BRYAN DOZIER, JESSE HILL,          )
ANN LONG; SANDRA MILLER, and       )
SHIRLEY THREADGILL,                )
                                   )
               Defendants.          )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is a Motion for Remand filed by

Plaintiff Jane Doe, through her GAL ("Plaintiff"). (Doc. 8.)

Defendants The Montgomery County Board of Education, Dale Ellis, Kevin Lancaster, Donna Kennedy, Heather Seawell, Steven W. DeBerry, Tommy Blake, Bryan Dozier, Jesse Hill, Ann Long, Sandra Miller, and Shirley Threadgill (hereinafter collectively referred to as "Removing Defendants") have responded. (Doc. 14.) This court has carefully considered Plaintiff's Motion and Removing Defendants' Response in opposition. For the reasons stated fully below, Plaintiff's motion for remand will be granted in part and denied in part.

I. BACKGROUND

Plaintiff commenced the present action in the Montgomery County Superior Court Division of the General Court of Justice of the State of North Carolina on September 10, 2015, against Removing Defendants and Defendant Julius Ryan ("Ryan"). (Complaint ("Compl.") (Doc. 4).) Removing Defendants were served with a copy of the Summons and Complaint on various days – the earliest on October 12, 2015, and the latest on October 19, 2015. (Notice of Removal ("Removal Notice") (Doc. 1) at 2.) Defendant Ryan was served with a copy of the Summons and Complaint on October 16, 2015. (Mot. to Remand (Doc. 8) ¶ 8.) Removing Defendants filed a Notice of Removal to this court on November 10, 2015, pursuant to federal question jurisdiction. (Removal Notice (Doc. 1).) Defendant Ryan did not join in the

- 2 -

notice of removal at the time of its filing and has not filed his own notice of removal or a written consent to the notice of removal filed by Removing Defendants.[1] Before the court is Plaintiff's motion to remand.

## II. ANALYSIS

### A. Generally All Defendants Must Join in the Removal of an Action

Section 1441 of Title 28 grants the defendants the right to remove a case from state to federal court where the federal district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v.

---

[1] On March 8, 2016, Plaintiff, on behalf of Ryan, filed Defendant Julius Ryan's Notice of Objection to Removal (Doc. 25), which was deemed deficient by the court. (See Minute Entry 03/15/2016.) On March 24, 2016, Plaintiff filed a Notice of Filing of Defendant Julius Ryan's Notice of Objection to Removal to remedy the deficiency with the previously filed notice of objection. (Doc. 28.) However, Ryan's objection to removal was not filed within the time permitted by 28 U.S.C. § 1447(c) and is, therefore, not being considered by this court in ruling on Plaintiff's motion to remand. See Metro Furniture Rental, Inc. v. Alessi, 770 F. Supp. 198, 200 (S.D.N.Y. 1991).

Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted).

The procedure to remove a civil action from state to federal court is set forth in 28 U.S.C. § 1446, which provides that the defendants desiring removal of an action must file, within thirty days of service of the defendants, a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a) & (b). Generally, "[t]he Supreme Court has construed [§ 1446] to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citing Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 741 (4th Cir. 2013)). Section 1446(b)(2)(A) specifically provides "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The rule of unanimity is consistent with this court's obligation to construe removal jurisdiction strictly. Hartford, 736 F.3d at 259.

In establishing consent by all defendants, the "rule of unanimity" does not require the notice of removal to be signed

- 4 -

by all defendants; "however, it does require that each defendant officially and unambiguously consent to the notice of removal." Brodar v. McKinney, 378 F. Supp. 2d 634, 637 (M.D.N.C. 2005); see Mayo, 713 F.3d at 742. If a defendant "does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies." Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc., 995 F. Supp. 2d 492, 495 (D.S.C. 2014); see Hartford, 736 F.3d at 259 (stating the burden of demonstrating the propriety of removal rests with the removing party). Here, Removing Defendants did not allege any reason for Defendant Ryan's failure to join in their notice of removal nor any grounds demonstrating that an exception applied to the requirement that all properly joined and served defendants consent to the removal. Instead, Removing Defendants argue that Plaintiff did not timely file a proper motion to remand under the Local Rules of the Middle District. (Removing Defs.' Resp. to Mot. for Remand ("Resp. to Remand" (Doc. 14).)

   **B.  Plaintiff Timely Filed a Motion to Remand**

Pursuant to 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

- 5 -

The failure of all defendants to consent to a notice of removal is not a jurisdictional defect and is waived unless it is timely raised in accordance with § 1447. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006); Brodar, 378 F. Supp. 2d at 637.

On December 9, 2015, Plaintiff filed a Motion for Remand,[2] (Mot. to Remand (Doc. 8)), and on December 10, 2015, Plaintiff filed a Brief in Support of Motion for Remand (Br. in Supp. of Mot. for Remand ("Pl.'s Br.") (Doc. 9)). Both of these pleadings were filed within thirty days after Removing Defendants' filing of the Notice of Removal (Removal Notice (Doc. 1)). However, Removing Defendants assert several arguments for why the Plaintiff's motion and brief should not be considered by this court: (1) Plaintiff's motion and brief failed to comply with the Local Rules of the Middle District of North Carolina, specifically LR7.2(a) and LR7.3(a); (2) Plaintiff's motion should be summarily denied under LR7.3(k) for failing to comply

---

[2] On January 7, 2016, Plaintiff filed a Motion to Amend the Prior Motion for Remand & Supporting Brief. (Doc. 16.) Because Plaintiff's motion for remand raises a procedural defect, the objection had to be raised within thirty days, thus, the amended motion cannot relate back to the original motion to remand for purposes of complying with the time requirement. Therefore, the amended motion is barred by the statutory limitations period. See 28 U.S.C. § 1447(c); Locke v. Purdon, No. 294CV70-BO, 1995 WL 1945502, at *2 (N.D. Miss. Apr. 20, 1995).

with the Local Rules; and (3) if Plaintiff's motion is summarily denied, the motion for remand is not timely and Plaintiff is deemed to have waived the right to seek remand. (Resp. to Remand (Doc. 14).)

LR7.3(a) states that "[a]ll motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief . . . ." Removing Defendants argue that "[i]n violation of Local Rule 7.3(a), Plaintiffs' Motion for Remand & Memorandum of Law filed on December 9, 2015 was not accompanied by a Brief." (Br. in Resp. to Motion for Remand ("Removing Defs.' Br.") (Doc. 15) at 2-3.) However, a written brief, (Pl.'s Br. (Doc. 9)), accompanying the motion, (Mot. to Remand (Doc. 8)), was filed by Plaintiff (although separately on the docket) as required by Local Rule 7.3(a). See Broadus v. Delta Air Lines, Inc., 101 F. Supp. 3d 554, 558 (M.D.N.C. 2015) (noting that an accompanying brief filed 15 days after the relevant motion met the requirements of LR7.3(a)).

LR7.2(a) states that opening briefs filed with the court shall contain:

> (1) A statement of the nature of the matter before the Court.
> (2) A concise statement of the facts. Each statement of fact should be supported by reference to a part of the official record in the case.
> (3) A statement of the question or questions presented.

- 7 -

>     (4)  The argument, which shall refer to all statutes, rules and authorities relied upon.

Removing Defendants argue that Plaintiff's motion and brief did not comply with LR7.2(a) because they did not contain all four listed requirements. (Resp. to Remand (Doc. 14).) Plaintiff's brief does not strictly conform with the four enumerated requirements listed in LR7.2(a), but Plaintiff's motion and brief, when read together, state the relevant facts, state the question presented, and offer the argument with reference to relevant statutes, rules and authorities relied upon.

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001); see LR83.4(b) ("The imposition of sanctions for violation of a local rule is discretionary with the Court[, and] . . . the Court may consider . . . whether other circumstances make the imposition of sanctions inappropriate."). Because Plaintiff's motion and brief state the relevant facts and issues together with an argument supported by citations to relevant statutes and authorities, this court will exercise its discretion in not summarily denying Plaintiff's motion. Nevertheless, this court emphasizes the importance of compliance with the Local Rules, and the duty of counsel to familiarize himself with those rules,

and cautions counsel for Plaintiff to fully comply with the Local Rules in the future to avoid possible sanctions.

Because Plaintiff's motion to remand was timely filed and because Removing Defendants' notice of removal contains no justification for the failure to join Defendant Ryan, the court will grant Plaintiff's Motion for Remand.

### C. <u>Award of Attorney Fees is not Appropriate</u>

Plaintiff also moves, pursuant to 28 U.S.C. § 1447(c), for an award of costs and attorney fees incurred as a result of these removal proceedings. (Mot. to Remand (Doc. 8) at 6.) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Having found that remand is appropriate in the present case, the court must determine whether Removing Defendants should be required to pay Plaintiff's costs and fees associated with the removal proceedings.

The Supreme Court has held that the standard for awarding fees under 28 U.S.C. § 1447(c) "should turn on the reasonableness of the removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "Absent unusual circumstances," if the removing party has any "objectively reasonable basis" for seeking removal, it should not be required to pay the opposing

- 9 -

party's fees upon remand. Id. This general rule is based on "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." Id. at 140.

The Complaint asserts at least two counts based entirely on federal law. (Compl. (Doc. 4) at 10-16.) Plaintiff has not provided any evidence that unusual circumstances apply in this case or that Removing Defendants lacked an objectively reasonable basis for seeking removal. Based on the face of the Complaint, Removing Defendants possessed an objectively reasonable basis for seeking removal, which precludes the award of costs and attorney fees requested by Plaintiff. See Wood v. Durham Cnty. Bd. of Educ., No. 1:10CV509, 2011 WL 723048, at *4 (M.D.N.C. Feb. 23, 2011). Accordingly, the court will deny Plaintiff's motion to the extent it requests costs and attorney fees.

### III. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. 8) is **GRANTED IN PART AND DENIED IN PART.** Specifically, Plaintiff's motion to remand the case to state court is **GRANTED**; Plaintiff's motion for costs and attorney fees is **DENIED.**

- 10 -

This case, including Removing Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10) and Removing Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (2) (Doc. 12), is hereby **REMANDED** to The General Court of Justice, Superior Court Division, Montgomery County, North Carolina, for further disposition.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Prior Motion for Remand (Doc. 16) and Amended Motion for Remand (Doc. 19) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a certified copy of this Order to the Montgomery County Superior Court Clerk.

This the 28th day of September, 2016.

/s/ William L. Osteen, Jr.
United States District Judge